MURDOCK, Justice
(dissenting).
I respectfully dissent.

Chandler v. Blizard

Turning first to case no. 1071553, I note as a threshold matter that I do not find it necessary to reach the argument made by Jeffery Chandler as to the supposed indefiniteness of the terms of an alleged lease between him and James H. Blizard because I find Chandler’s argument regarding the Statute of Frauds dispositive.
“To satisfy the partial-performance exception [to the Statute of Frauds], the putative purchaser [of real property] must demonstrate that he or she has paid all or a portion of the purchase price and that he or she was put in possession of the land by the seller.” Rentz v. Grant, 934 So.2d 368, 373 (Ala.2006). Here, Blizard alleges a 10-year lease. Although there is evidence indicating that he has paid Chandler certain moneys as consideration for rock removed from Chandler’s property, for all *39 that appears, those moneys are consideration for only that rock. I cannot conclude from the fact of those payments that Bli-zard has paid “all or a portion of’ any amounts that would be owed Chandler for the future possession and use of his property, i.e., any amounts other than what would constitute the consideration for the rock presently being removed from Chandler’s property under some arrangement that would have a duration of less than 10 years, including, for example, a mere license agreement.
Moreover, as was explained in Rentz:
“Even if [the purported tenant] could demonstrate partial payment, however, ... the partial-performance exception is inapplicable [where the purported tenant] has not satisfied the possession prong of the exception to the Statute of Frauds. The ‘acts of possession’ necessary to satisfy the partial-performance exception ‘ “must be dear and definite, and referable exclusively to the contract.” ’ Smith v. Smith, 466 So.2d 922, 924 (1985) .... ““If the possession ... could be accounted for just as well by some other right or title actually existing in the vendee’s favor, or by some relation between him and the vendor other than the alleged oral contract, it is not such a possession as the doctrine requires.’ ” ’ Holman [v. Childersburg Bancorporation, Inc.], 852 So.2d [691] at 698 [ (Ala.2002) ] .... In other words, ““[t]he exception applies only where the acts of part performance cannot be explained consistently with any other contract than the one alleged.’ ” ’ ”
984 So.2d at 373-74 (some emphasis added).
The majority’s affirmance of the trial court’s decision necessarily accepts the view that Blizard had “possession” of Chandler’s real property and that such possession “cannot be explained consistently with any other contract than the one alleged.” 934 So.2d at 374. Assuming for the sake of argument that Blizard’s presence on Chandler’s property could be considered “possession,” the conclusion by the majority of the Court today overlooks the explicit and central argument, and supporting evidence, presented by Chandler that Blizard’s presence on the property was solely the function of a license that gave him a present right only to come onto the property, remove stone, and pay for the stone he removes. Thus, Blizard’s presence on Chandler’s property can be explained by a contract other than the 10-year lease alleged by Blizard.
Finally, even if we could conclude that Blizard’s presence on Chandler’s property could be explained only by virtue of his having a “lease,” his possession certainly cannot be said to be explainable consistent only with a lease of 10 years’ duration. In other words, even if it requires a “lease” to explain Blizard’s presence on Chandler’s property (a proposition with which I disagree), it does not take a 10-year lease to explain his presence on the property; therefore, Blizard’s presence thereon can be “explained consistently with [a] contract [other] than the one alleged.”[1]

*40
Vulcan Materials Co. v. Blizard

I also dissent from the majority’s affir-mance of the judgment against Vulcan Materials Company in case no. 1071584. Vulcan argues that the purported “oral lease” between Blizard and Chandler was not enforceable under the Statute of Frauds and, therefore, that Vulcan could not have interfered with the alleged agreement. Consistent with my discussion of the impact of the Statute of Frauds on the business arrangement between Blizard and Chandler, I agree with Vulcan that the judgment against it is due to be reversed based on this argument.
As for any possible interference by Vulcan with Blizard’s “business” rather than “contractual” relationship with Chandler, it should be noted that the lease agreement between Vulcan and Chandler allowed Bli-zard to continue in his current business relationship with Chandler, i.e., selling shot rock from Chandler’s property.
Vulcan also complains of the trial court’s decision not to instruct the jury as to the law regarding revocable licenses. In affirming the trial court’s judgment, the majority necessarily concludes that the evidence of record would not allow a jury reasonably to find that Chandler had given Blizard a license. While there may be evidence of an oral agreement to the contrary, I cannot conclude that the evidence presented is such that a jury could not reasonably find that only a license existed. Vulcan’s argument in this regard is as follows:
“The jury heard substantial evidence from Chandler that he conveyed only a license to Blizard to collect shot rock on his property in exchange for payment of a royalty, and they heard substantial testimony from Blizard about an agreement like the license agreement in Holt [v. City of Montgomery, 212 Ala. 235, 102 So. 49 (1924) ], but, the trial court refused to give Vulcan’s proposed instruction explaining the distinction between a lease and a license to the jury, ... and only charged the jury on the elements of a contract over Vulcan’s objection.”
If for no other reason, Vulcan is entitled to a new trial based on the merit of this argument.
The majority’s affirmance of the trial court’s judgment in this case also necessarily rejects Vulcan’s assertion that the trial court erred in failing to instruct the jury on a competitor’s privilege of fair competition as a defense to a claim of intentional interference with contractual or business relations. The competitor’s privilege applies when the contract allegedly interfered with is terminable at will or when the defendant causes a third person not to enter into a prospective contract with another who is a competitor. See, e.g., Soap Co. v. Ecolab, Inc., 646 So.2d 1366, 1369 (Ala.1994). Consistent with my understanding of the evidence in this case — as allowing a reasonable finder of fact to decide that Blizard’s contract with Chandler was terminable at will and/or that it violated the Statute of Frauds so as not be an existing, enforceable contract — I must conclude that the trial court erred in refusing to charge the jury as to a competitor’s privilege.
Based on the foregoing, I respectfully dissent from the majority’s decision in both case no. 1071553 and case no. 1071584.

. To illustrate why the Statute of Frauds necessarily views evidence of the nature presented in this case as inadequate to establish a 10-year lease of real property, one need only suppose that Blizard had testified that the agreed-upon term of the lease was for 20 years, rather than 10 years. If the evidence presented in this case is sufficient for a conclusion that the purported tenant's possession cannot be explained by anything other than a lease of 10 years’ duration, then why is it not sufficient to support a conclusion that the purported tenant's possession cannot be explained by anything other than a lease of 20 years? It is to avoid the possibility of a landowner’s wrongly losing the title to or the use of his or her real property that the Statute of Frauds intends that disputes of this nature not *40 turn on the mere testimonial assertions by one party or the other as to what was supposedly agreed upon orally.